UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. _____

JOSEPH H. KORAN, and KIMBERLY )
KORAN, Individually and on Behalf of )
ANA KORAN, JOSEPH KORAN, JR. )
and ERIK KORAN, Minors,    MAGISTRATE JUDGE _____

                 )
                Plaintiffs )

V.                     )
                     )
ELIZABETH WEAVER, and       )
TOWN OF SHERBORN,        )
                     )
              Defendants )

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___Y___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE _____

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

### Jurisdiction

This forum is appropriate, pursuant to 28 U.S.C. 1332., as there is diversity of citizens: all plaintiffs from New York and all defendants from Massachusetts. Further, the amount in controversy exceeds $75,000.

### Parties

1.     Plaintiff Joseph Koran is an individual who resides at 6251 Addison Loomis, Cicero, New York.

2.     Plaintiff Kimberly Koran, the wife of Joseph Koran, resides at 6251 Addison Loomis, Cicero, New York.

3.     Plaintiff Ana Koran, the daughter of Joseph Koran and Kimberly Koran, resides at 6251 Addison Loomis, Cicero, New York.

4.     Plaintiff Joseph Koran, Jr., the son of Joseph Koran and Kimberly Koran, resides at 6251 Addison Loomis, Cicero, New York.

5.     Plaintiff Erik Koran, the son of Joseph Koran and Kimberly Koran, resides at 6251 Addison Loomis, Cicero, New York.

6.   Defendant Elizabeth Weaver ("Weaver") is an individual who resides at 23 Mayo Street, Framingham, Middlesex County, Massachusetts.

7.   Defendant Town of Sherborn ("Sherborn") is a political subdivision located in Middlesex County in the Commonwealth of Massachusetts.

### Facts Common to All Counts

8.   On February 6, 2003 Joseph Koran was working as a food broker when he drove into the parking lot of The Sherborn Inn at 33 North Main Street in Sherborn.

9.   While backing up in the parking lot, Joseph Koran lightly struck another vehicle being operated by Weaver.

10.   Joseph Koran and Weaver exited their respective vehicles, Joseph Koran apologized for the accident, and they exchanged papers. Afterwards, Weaver became belligerent and returned to her car. Weaver put her car in gear and sped from the scene. In so doing, she negligently ran over Joseph Koran's left foot, causing harm. She left the scene of the accident despite Joseph Koran's protest.

11.   Joseph Koran called 911 to report the incident and shortly thereafter was met by the police and by paramedic personnel ("the paramedics"), employees of Sherborn. The paramedics transported him to Metro West Medical Center in Natick, Middlesex County, Massachusetts.

12.   Outside the hospital, upon removing Joseph Koran from the ambulance on a stretcher, the paramedics accidentally and negligently dropped him approximately four feet on to the ground on his back, causing him severe personal injuries.

### Allegations

### COUNT ONE - Negligence of Elizabeth Weaver

13.   Plaintiff realleges paragraphs 1 through 12.

14.   The defendant, Weaver, negligently sped away from the accident scene, running over the foot of Joseph Koran,

15.   Such negligence directly and proximately causing serious personal injuries to Joseph Koran.

16.     Such injuries include the damages stemming from the foreseeable negligence of the paramedics who dropped Joseph Koran from a stretcher.

17.     As a direct and proximate result of the negligence of Weaver, Joseph Koran has endured and is likely to continue to endure pain and suffering, emotional distress, an impairment to his earning capacity, and medical expenses in the past and into the future, and other harm.

        WHEREFORE, plaintiff Joseph Koran demands judgment against Defendant Elizabeth Weaver in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

COUNT TWO - Negligence of Town of Sherborn

18.     Plaintiff realleges paragraphs 1 through 17.

19.     The defendant, Sherborn, is responsible for the negligent actions of its employees, pursuant to G.L. 258.

20.     Such employees, the paramedics, negligently dropped Joseph Koran on his stretcher approximately four feet on to the ground.

21.     At all relevant times such employees were acting within the scope of their employment with Sherborn.

22.     On April 3, 2003 the plaintiffs, through their attorney at the time, served a notice of presentment letter on Sherborn, pursuant to G.L. c. 258, et seq. A true and accurate copy of such letter is attached hereto as Exhibit A.

23.     Sherborn effectively denied the plaintiffs' claim by failing to deny such claim in writing within six months after the date upon which the claims were presented, per G.L. c. 258, § 4.

24.     The plaintiffs in all respects have fully complied with all of the conditions precedent to the commencement of this action.

25.     As a direct and proximate result of the negligence of a public employee of defendant Sherborn, Joseph Koran has endured and is likely to continue to endure pain and suffering, emotional distress, an impairment to his earning capacity, and medical expenses in the past and into the future, and other harm.

        WHEREFORE, plaintiff Joseph Koran demands judgment against Defendant

Town of Sherborn in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT THREE - Loss of Consortium of Kimberly Koran as to Elizabeth Weaver

26.    Plaintiff realleges paragraphs 1 through 25.

27.    As a direct and proximate result of the negligence of the defendant, Weaver, Kimberly Koran has suffered the loss of consortium of Joseph Koran, including the loss of his society, services, companionship, and affection.

WHEREFORE, plaintiff Kimberly Koran demands judgment against Defendant Elizabeth Weaver in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT FOUR - Loss of Consortium of Kimberly Koran as to Town of Sherborn

28.    Plaintiff realleges paragraphs 1 through 27.

29.    As a direct and proximate result of the negligence of a public employee of Sherborn, Kimberly Koran has suffered the loss of consortium of Joseph Koran, including the loss of his society, services, companionship, and affection.

WHEREFORE, plaintiff Kimberly Koran  demands judgment against Defendant Town of Sherborn in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT FIVE - Loss of Consortium of Ana Koran as to Elizabeth Weaver

30.    Plaintiff realleges paragraphs 1 through 29.

31.    As a direct and proximate result of the negligence of the defendant, Weaver, Ana Koran has suffered the loss of consortium of Joseph Koran, including the loss of his companionship, society, and affection.

WHEREFORE, plaintiff Ana Koran demands judgment against Defendant Elizabeth Weaver in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT SIX - Loss of Consortium of Joseph Koran, Jr. as to Elizabeth Weaver

32.   Plaintiff realleges paragraphs 1 through 31.

33.   As a direct and proximate result of the negligence of the defendant, Weaver, Joseph Koran, Jr., has suffered the loss of consortium of Joseph Koran, including the loss of his companionship, society, and affection.

WHEREFORE, plaintiff Joseph Koran, Jr. demands judgment against Defendant Elizabeth Weaver in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT SEVEN - Loss of Consortium of Erik Koran as to Elizabeth Weaver

34.   Plaintiff realleges paragraphs 1 through 33.

35.   As a direct and proximate result of the negligence of the defendant, Weaver, Erik Koran has suffered the loss of consortium of Joseph Koran, including the loss of his companionship, society, and affection.

WHEREFORE, plaintiff Erik Koran demands judgment against Defendant Elizabeth Weaver in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT EIGHT - Loss of Consortium of Ana Koran as to Town of Sherborn

36.   Plaintiff realleges paragraphs 1 through 35.

37.   As a direct and proximate result of the negligence of a public employee of defendant, Sherborn, Ana Koran has suffered the loss of consortium of Joseph Koran, including the loss of his companionship, society, and affection.

WHEREFORE, plaintiff Ana Koran demands judgment against Defendant Town of Sherborn in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

COUNT NINE - Loss of Consortium of Joseph Koran, Jr. as to Town of Sherborn

38.    Plaintiff realleges paragraphs 1 through 37.

39.    As a direct and proximate result of the negligence of the defendant, Sherborn, Joseph Koran, Jr. has suffered the loss of consortium of Joseph Koran, including the loss of his companionship, society, and affection.

WHEREFORE, plaintiff Joseph Koran, Jr. demands judgment against Defendant Town of Sherborn in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

COUNT TEN - Loss of Consortium of Erik Koran as to Town of Sherborn

40.    Plaintiff realleges paragraphs 1 through 40.

41.    As a direct and proximate result of the negligence of the defendant Town of Sherborn, Erik Koran has suffered the loss of consortium of Joseph Koran, including the loss of his companionship, society, and affection.

WHEREFORE, plaintiff Erik Koran demands judgment against Defendant Town of Sherborn in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

Jury Demand

The plaintiffs demand a trial by jury as to all issues raised in this complaint.

Respectfully,
By Their Attorneys,

CARMEN L. DURSO, ESQUIRE
B.B.O. # 139340
ROBERT C. GABLER, ESQUIRE
B.B.O. # 547227
Suite 3232
100 Summer Street
Boston, MA 02110-2104
(617) 728-9123
July 9, 2005

# EXHIBIT A

Case 1:05-cv-11454-RGS    Document 1    Filed 07/08/2005    Page 7 of 10

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X _Kristine M. Sworn_  ☐ Agent ☐ Addressee |
| | B. Received by ( Printed Name )        C. Date of Delivery  4-7-03 |
| 1. Article Addressed to:  Ms. Carole Marple  Sherborn Town Clerk  19 Washington Street  P.O. Box 186  Sherborn, MA 01770 | D. Is delivery address different from Item 1?  ☐ Yes  If YES, enter delivery address below:  ☐ No |
| | 3. Service Type  ☑ Certified Mail   ☐ Express Mail  ☐ Registered   ☑ Return Receipt for Merchandise  ☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)        ☐ Yes |
| 2. Article Number  (Transfer from service label)     7001 1940 0002 1024 1044 | |
| PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509 | |

# JOSEPH & JOSEPH

## ATTORNEYS AT LAW

888 Worcester Road, Suite 230
Wellesley, Massachusetts 02482

SHELLEY M. RICHMOND JOSEPH                               TELEPHONE 781.371.0110
SCOTT A. JOSEPH                                           FACSIMILE  781.431.8881

April 3, 2003

VIA REGULAR AND CERTIFIED MAIL
RETURN RECEIPT NO. 7001 1940 0002 1024 1044

Ms. Carole Marple
Sherborn Town Clerk
19 Washington Street
P.O. Box 186
Sherborn, Massachusetts 01770

      Re:    Joseph Koran
              Date of Loss: February 6, 2003

Dear Ms. Marple:

Please be advised that this office represents Joseph Koran who suffered serious
personal injuries as a result of the negligent acts and omissions of the Sherborn Fire and
Rescue Department on or about February 6, 2003. This letter is being sent pursuant to
Massachusetts General Laws chapter 258, sec. 2, et. seq.

On or about February 6, 2003, Mr. Koran was involved in a minor motor vehicle
accident in the parking lot of the Sherborn Inn, located in Sherborn, Massachusetts. After
exchanging insurance information, the other driver became agitated, entered her vehicle,
and ran over Mr. Koran's left foot. Mr. Koran called 911 for emergency assistance.
Deputy Chief Ron Buckley, along with Paramedics Tolson and Christensen (the
"Paramedics") of the Sherborn Fire and Rescue Department subsequently arrived upon
the scene in response to Mr. Koran's telephone call.

The paramedics strapped Mr. Koran onto a stretcher in a seated position. He was
placed in the ambulance and his foot was iced during the trip to the MetroWest Medical
Center in Natick, Massachusetts (the "Hospital"). The Paramedics accompanied Mr.
Koran to the Hospital.

Upon arrival at the Hospital, one of the Paramedics stood at the back of the
ambulance facing Mr. Koran while holding the stretcher at Mr. Koran's feet. The other

Paramedic remained behind Mr. Koran, inside the ambulance. While removing Mr. Koran from the ambulance, the stretcher was dropped and it slammed to the ground. Mr. Koran, who was strapped to the stretcher in a seated position, landed directly on his tailbone. The Paramedics were not able to return the stretcher to an upright position and were forced to wheel Mr. Koran into the Hospital emergency room at floor level.

As a result of the vehicle being driven over his left foot, Mr. Koran suffered soft tissue damage for which he was treated at the Hospital and continues to receive physical therapy.

As a result of the negligent acts and omissions of the Paramedics, Mr. Koran suffered ongoing serious injuries to his back.

On or about February 9, 2003, Mr. Koran began to suffer from severe headaches and back pain. Mr. Koran visited his physician, Dr. Felipe Diaz, on February 10, 2003, who identified two areas of severe pain. Mr. Koran was treated with several injections to alleviate the excruciating pain and to reduce inflammation. On or about February 12, 2003, Mr. Koran had an MRI which revealed a bulging disk in his lower back which is grazing the nerve root causing him constant pain and discomfort. Mr. Koran continues to receive physical therapy upon his back.

Mr. Koran also suffers from excruciating headaches, high blood pressure and is in constant discomfort as a result of the negligent acts and omissions of the Paramedics.

The back injuries suffered by Mr. Koran have drastically affected both his professional and personal life. Mr. Koran is a regional manager of a food service company whose job entails extensive travel. As a result of such injuries, his ability to travel has been seriously curtailed and he has lost earnings. In addition, he can no longer assist his wife with household duties and has difficulty managing his two small children.

The Town of Sherborn, Massachusetts is liable for the damages suffered by Mr. Koran due to the negligent acts and omissions of the Paramedics resulting in the dropping of the stretcher causing injury to his back while removing Mr. Koran from an ambulance on or about February 6, 2003. As emergency medical service personnel, the Paramedics owed Mr. Koran the highest degree of care, and their actions clearly breached such duty of care. Accordingly, Mr. Koran hereby demands the payment of $100,000.00 in damages.

I look forward to your reply.

Very truly yours,

Scott A. Joseph

cc:    Joseph Koran
C:\My Documents\Scott Office\Koran\Ch258Letter 04.03 03.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) KORAN, JOSEPH H.  v.  WEAVER, ELIZABETH

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
   SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   _____  I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _____  II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740,
                   790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          * Also complete AO 120 or AO 121
                                                                                     for patent, trademark or copyright cases

   __X__   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

   _____  IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

   _____  V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                            YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
   INTEREST?   (SEE 28 USC 2403)                            YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                            YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC
   2284?                                                    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
   COUNTY) - (SEE LOCAL RULE 40.1(C)).                      YES ☐    NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
                                                            YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
                                                            YES ☐    NO ☒
   (a)    IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE?

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF
    THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION;  YES ☐  NO ☐           OR WESTERN DIVISION;   YES ☐    NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR?  IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION  ☐        MEDIATION  ☐         SUMMARY JURY/BENCH TRIAL  ☐
    MINI-TRIAL  ☐                      OTHER  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME CARMEN L. DURSO and ROBERT C. GABLER
ADDRESS 100 SUMMER ST., STE. 3232, BOSTON, MA   02110
TELEPHONE NO. (617) 728-9123

(Category Form.wpd - 3/28/2000)

JS44
(Rev. 03/99)

**CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Koran, Joseph H., and Kimberly on Behalf of Ana Koran, Joseph Koran, Jr., and Erik Koran, Minors

**DEFENDANTS**

Weaver, Elizabeth and Town of Sherborn

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Onandago County, New York
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Middlesex County, Massachsetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carmen L. Durso, Esq.
Robert C. Gabler, Esq.
Law Office of Carmen Durso
100 Summer St., 32nd Floor
Boston, MA  02110     (617) 728-9123

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

x 4  Diversity
(Indicate Citizenship of Parties IN Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | x 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | x 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury — Med Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| | x 350 Motor Vehicle ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 894 Energy Allocation Act |
| | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Other | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

x 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Defendant negligently ran over Plaintiff's foot. Plaintiff was taken from the scene in an ambulance. Paramedics, employees of Defendant Sherborn, dropped him on his back upon removing the stretcher. Both Defendants caused personal injuries.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    **DEMAND $** _____    Check YES only if demanded IN complaint:
**JURY DEMAND:** x YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY