UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11454 RGS

JOSEPH H. KORAN, and KIMBERLY KORAN,
Individually and on Behalf of ANA KORAN, JOSEPH
KORAN, JR. and ERIK KORAN, Minors,

Plaintiffs,

v.

ELIZABETH WEAVER, and TOWN OF SHERBORN,

Defendants.

## ANSWER OF DEFENDANT, TOWN OF SHERBORN, TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

### JURISDICTION

The defendant, Town of Sherborn, does not respond to the allegations contained in this paragraph because such allegations are conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the defendant denies that the requisites for diversity jurisdiction are present, to include the lack of jurisdictional amount in controversy.

### PARTIES

1.  The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 1 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

2.  The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 2 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

3.  The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 3 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

4. The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 4 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

5. The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 5 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

6. The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 6 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

7. Admitted.

## FACTS COMMON TO ALL COUNTS

8. The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 8 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

9. The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph 9 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

10. The defendant, Town of Sherborn, neither admits nor denies the allegations contained in paragraph10 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

11. The defendant, Town of Sherborn, admits the allegations contained in paragraph 11 only to the extent that paramedics reported to the accident site and transported plaintiff to the Metro West Medical Center in Natick, Middlesex County, Massachusetts. The defendant neither admits nor denies the remainder of the allegations because it has no actual knowledge of same, and, therefore calls upon the plaintiff to prove same.

12. Denied.

## ALLEGATIONS

### COUNT ONE - Negligence of Elizabeth Weaver

13. The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 12 as if fully stated herein.

14.-17.    The allegations set forth in paragraphs 14 - 17 relate to another defendant, and therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against the Town of Sherborn are denied.

**COUNT TWO - Negligence of Town of Sherborn**

18.    The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 17 as if fully stated herein.

19.    The defendant, Town of Sherborn, does not respond to the allegations in paragraph 19 of the Complaint because said allegations contain conclusions of law not requiring a responsive pleading.

20.    Denied.

21.    Admitted.

22.    As to the allegations contained in Paragraph 22, the defendant, Town of Sherborn, admits only that the Sherborn Town Clerk received a letter from Scott A. Joseph on behalf of the plaintiff, but neither admits nor denies the contents of the letter as it is a written document which speaks for itself. The defendant denies that this letter complied with the presentment requirements for submission of a claim based upon a negligence under M.G.L. c. 258, § 4 and, therefore, calls upon the plaintiff to prove same.

23.    The defendant, Town of Sherborn admits the allegations in paragraph 23 of the Complaint to the extent it alleges the plaintiff's claim for money damages was denied. The defendant denies each and every other allegation in paragraph 23 of the Complaint.

24.    Denied.

25.    Denied.

**COUNT THREE - Loss of Consortium of Kimberly Koran as to Elizabeth Weaver**

26.    The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 25 as if fully stated herein.

27.    The allegations set forth in paragraph 27 relate to another defendant, and therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against the Town of Sherborn are denied.

3

### COUNT FOUR - Loss of Consortium of Kimberly Koran as to Town of Sherborn

28. The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 27 as if fully stated herein.

29. Denied.

### COUNT FIVE - Loss of Consortium of Ana Koran as to Elizabeth Weaver

30. The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 29 as if fully stated herein.

31. The allegations set forth in paragraph 31 relate to another defendant, and therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against the Town of Sherborn are denied.

### COUNT SIX - Loss of Consortium of Joseph Koran, Jr. as to Elizabeth Weaver

32. The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 31 as if fully stated herein.

33. The allegations set forth in paragraph 33 relate to another defendant, and therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against the Town of Sherborn are denied.

### COUNT SEVEN - Loss of Consortium of Erik Koran as to Elizabeth Weaver

34. The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 33 as if fully stated herein.

35. The allegations set forth in paragraph 35 relate to another defendant, and therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against the Town of Sherborn are denied.

### COUNT EIGHT - Loss of Consortium of Ana Koran as to Town of Sherborn

36. The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 35 as if fully stated herein.

37. Denied.

### COUNT NINE - Loss of Consortium of Joseph Koran, Jr. as to Town of Sherborn

38.  The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 37 as if fully stated herein.

39.  Denied.

### COUNT TEN - Loss of Consortium of Erik Koran as to Town of Sherborn

40.  The defendant, Town of Sherborn, repeats its responses to paragraphs 1 through 39 as if fully stated herein.

40.  Denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, it should be dismissed.

### SECOND DEFENSE

The defendant, Town of Sherborn, states that if the plaintiffs suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and are not legally responsible.

### THIRD DEFENSE

The plaintiffs by their conduct or action have waived their claims against defendants and/or released their claims against defendants and therefore cannot recover.

### FOURTH DEFENSE

The defendant, Town of Sherborn, states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the defendant, Town of Sherborn.

### FIFTH DEFENSE

The defendant, Town of Sherborn, states that the injuries or damages alleged were caused in whole or in part by the plaintiffs' own conduct.

## SIXTH DEFENSE

The defendant, Town of Sherborn, states that at all times relevant hereto, the defendant acted without malice toward the plaintiffs and that its actions relative to the plaintiffs were privileged by virtue of its acting reasonably and in good faith within the scope of its authority.

## SEVENTH DEFENSE

The defendant, Town of Sherborn, states that the plaintiffs were not deprived of any rights secured by either the state or U.S. Constitution or by the law of the Commonwealth of Massachusetts or the United States.

## EIGHTH DEFENSE

The defendant, Town of Sherborn, states that the plaintiffs' claims are barred by their failure to mitigate their damages and losses.

## NINTH DEFENSE

The defendant, Town of Sherborn, states that they are immune from liability for alleged negligence by virtue of M.G.L. c. 258.

## TENTH DEFENSE

If the plaintiff is entitled to recover damages from the defendant, Town of Sherborn, which the defendant denies, the recovery is limited to $100,000 by operation of M.G.L. c. 258, § 2.

## ELEVENTH DEFENSE

The defendant, Town of Sherborn, is immune from liability under M.G.L. c. 258, § 10(b), which immunizes municipalities from actions stemming from discretionary functions.

## TWELFTH DEFENSE

The defendant, Town of Sherborn, is immune from liability under M.G.L. c. 258, § 10(c), which immunizes municipalities from its employees intentional torts.

## THIRTEENTH DEFENSE

The defendant, Town of Sherborn, is immune from liability under M.G.L. c. 258, § 10(f), which immunizes municipalities from actions stemming from inadequate inspection of personal property.

## FOURTEENTH DEFENSE

The defendant, Town of Sherborn, is immune from liability under M.G.L. c. 258, § 10(j), which immunizes municipalities from claims arise out of a condition or situation not originally caused by the defendant.

## FIFTEENTH DEFENSE

The defendant, Town of Sherborn, states that the Plaintiffs have failed to comply with the presentment requirements of M.G.L. c. 258 and/or made inadequate presentment of their claim.

## JURY DEMAND

The defendant, Town of Sherborn, demands a jury trial on all triable issues raised in the Complaint and in this Answer.

Respectfully submitted,
The defendant,
TOWN OF SHERBORN,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Cloherty, BBO #566522
Darlene M. Tonucci, BBO # 659495
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: October 27, 2005

## **CERTIFICATE OF SERVICE**

I, Darlene M. Tonucci, attorney for the defendant in the above-entitled action, hereby certify that I served upon counsel of record a copy of the foregoing by electronically filing with the U.S. District Court, and by mail to:

Dragan A. Cetkovic, Esq.
Black, Cetkovic & Whitestone
200 Berkeley Street
Boston, MA 02116

on this 27th day of October, 2005.

_____
Darlene M. Tonucci