UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11454 RGS

JOSEPH H. KORAN, and KIMBERLY KORAN, )
Individually and on Behalf of ANA KORAN, )
JOSEPH KORAN, JR. and ERIK KORAN, Minors, )
    Plaintiffs, )
v. )
  )
ELIZABETH WEAVER and )
TOWN OF SHERBORN, )
    Defendants. )

### DEFENDANT, TOWN OF SHERBORN'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, the defendant, Town of Sherborn [hereinafter "defendant"], hereby moves for summary judgment as all counts of the plaintiffs' Complaint against it. Pls' Compl. The defendant states that there is no genuine dispute of material facts, and he is entitled to judgment as a matter of law. Specifically, the undisputed evidence establishes that the defendant had no notice of the alleged defect which the plaintiffs claim caused them injury. Without evidence of notice there can be no breach of duty and thus no liability. Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167, 292 N.E.2d 863, 864 (1973). Hence all of the plaintiffs' claims fail on this ground. Second, the plaintiffs' loss of consortium claims fail because the plaintiffs neglected to make presentment as required by the Massachusetts Tort Claims Act. MASS. GEN. LAWS ch. 258 § 4. Lastly, consortium plaintiff Erik Koran's claim fails because he was not yet conceived as of the date of the underlying incident. Lareau v. Page, 39 F.3d 384, 390 (1st Cir., 1994).

The defendant submits the attached Exhibits 1-16, Memorandum of Law, Rule 7.1 Certification and Rule 56.1 Statement, and the following Exhibits in further support of this Motion:

1. Plaintiff's Deposition Transcript;
2. Town of Sherborn Emergency Medical Technician [hereinafter "EMT"] Dominick Tolson's Deposition Transcript;
3. Town of Sherborn EMT Scott Christensen's Deposition Transcript;
4. Plaintiff Joseph H. Koran's February 10, 2003 letter to the defendant;
5. Town of Sherborn Deputy Fire Chief Jonathan Dowse's Deposition Transcript;
6. Users' Manual for the Model 93ES Squadmate Ambulance Cot;
7. Cot Technician Paul Bonang's Deposition Transcript;
8. Plaintiffs' Initial Mandatory Discovery Disclosures;
9. Town of Sherborn Fire Captain Pamela Dowse's Deposition Transcript;
10. Affidavit of Town of Sherborn Fire Chief Neil McPherson
11. Defendant Town of Sherborn's Ambulance Checklists from 2/22/01-2/2/03;
12. Massachusetts Department of Health Annual Equipment Inspection Reports documenting Town of Sherborn Ambulance Inspections from 1997 through 2003;
13. Town of Sherborn Fire Chief Neil McPherson's Deposition Transcript;
14. Town of Sherborn Fire & Rescue Call Response Logs for 1/1/03-3/1/03;
15. Plaintiff Erik Koran's Answers to Interrogatories; and
16. Unreported decision from the Appeals Court of Massachusetts, Goraj v. Nowak Funeral Home, 845 N.E.2d 450, 66 Mass.App.Ct. 1102 (2006).

WHEREFORE the defendant, Town of Sherborn, moves that summary judgment be granted in its favor as to each or all Counts for the various reasons stated above.

                      The defendant,
TOWN OF SHERBORN,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

_____
Michael D. Leedberg, BBO #660832
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: December 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the co-defendant Weaver's counsel of record at his address of record via regular mail on December 19, 2006. Weaver's counsel does not appear to be a registered Pacer user.

_____
Michael D. Leedberg