UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 05-11454 RGS

JOSEPH H. KORAN, and KIMBERLY KORAN, )
Individually and on Behalf of ANA KORAN, )
JOSEPH KORAN, JR. and ERIK KORAN, Minors, )
    Plaintiffs, )
v. )
     )
ELIZABETH WEAVER and )
TOWN OF SHERBORN, )
    Defendants. )

**DEFENDANT, TOWN OF SHERBORN'S
CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1**

1. On February 6, 2003 the defendant employees, Town of Sherborn Fire & Rescue Emergency Medical Technicians [hereinafter "EMTs"], transported the plaintiff to Metro-West Medical Center in Natick, Massachusetts after responding to a motor vehicle accident involving the plaintiff. Dep. of Pl., pp. 95-96 (attached as Exhibit 1); Dep. of EMT Tolson, p. 6 (employment status), pp. 35-36 (attached as Exhibit 2); Dep. of EMT Christensen, p. 7 (employment status), pp. 55-57 (attached as Exhibit 3).

2. While the EMTs were unloading the plaintiff from the ambulance, the cot [a/k/a a "stretcher"] onto which the plaintiff was strapped fell to the ground, although staying upright, due to a mechanical failure involving the cot [hereinafter referred to as the "Incident"]. Pl. Letter Dated Feb. 10, 2003 (attached as Exhibit 4); Dep. of Pl., pp. 95-96 (attached as Exhibit 1); Dep. of EMT Tolson, pp. 35-36 (attached as Exhibit

1

2); <u>Dep. of EMT Christensen</u>, pp. 55-57 (attached as Exhibit 3).

3. The cot involved in the Incident is a Model 93ES Squadmate Ambulance Cot, is designed so that as it is pulled out of the ambulance, a sub-frame with four wheels drops down to ground level and automatically locks into place so that patients can be transferred at an appropriate level for the operators rolling the cot. <u>Dep. of EMT Tolson</u>, pp. 35-36 (attached as Exhibit 2); <u>Dep. of EMT Christensen</u>, pp. 55-57 (attached as Exhibit 3); <u>Dep. of Deputy Chief John Dowse</u>, pp. 23-24 (attached as Exhibit 5); <u>Squadmate Users' Manual</u>, p. 19 (attached as Exhibit 6); <u>Dep. of Cot Repair Technician Paul Bonang</u>, pp. 32-33 (attached as Exhibit 7).

4. The only known eyewitnesses to the Incident are the plaintiff Joseph Koran and the two EMTs. <u>Pl.'s L.R. 26(a)(1) Disclosures</u>, § A (attached as Exhibit 8).

5. The defendant purchased the cot new in 1997 and it had never failed to function prior to February 6, 2003. <u>Dep. of Deputy Chief John Dowse</u>, pp. 38-39 (attached as Exhibit 5); <u>Dep. of Tolson</u>, p. 39 (attached as Exhibit 2); <u>Dep. of EMT Christensen</u>, p. 87 (attached as Exhibit 3); <u>Dep. of Fire Captain Pamela Dowse</u>, p. 20 (attached as Exhibit 9); <u>Aff. of Chief McPherson</u>, ¶ 3 (attached as Exhibit 10).

6. The defendant routinely inspected the cot and tested its functionality when conducting weekly ambulance inventory supply inspections, including one such inspection on February 2, 2003, just four days pre-loss, and such inspections never revealed a mechanical problem with the cot. <u>Dep. of Deputy Chief John Dowse</u>, pp. 20-21, 38-39 (attached as Exhibit 5); <u>Ambulance Checklists</u>, 2/22/01-2/2/03 (attached as Exhibit 11); <u>Aff. of Chief McPherson</u>, ¶¶ 4, 9-11 (attached as Exhibit 10).

7. The Massachusetts Department of Public Health ["MDPH"] Licensing Division

conducted mandatory annual inspections of all of the defendant's Fire Department's equipment, including visual and functional inspections of the cot, and no such inspection ever revealed a problem with the cot. Dep. of Deputy Chief John Dowse, pp. 39 (attached as Exhibit 5); MDPH Ambulance Inspection Report Forms, 2/10/97-4/4/03 (attached as Exhibit 12); Aff. of Chief McPherson, ¶ 11 (attached as Exhibit 10).

8. Sherborn Deputy Lieutenant Jonathan Dowse testified that he inspected the stretcher the day after the Incident on February 7, 2003, and discovered that it was not functioning properly. Deputy Dowse's closer inspection revealed for the first time that an "auxiliary lock lever" was bent. Deputy Dowse straightened the lever and the cot functioned properly. Dep. of Deputy Chief John Dowse, pp. 12-14, 16-17 (attached as Exhibit 5).

9. Paul Bonang, a manufacturer-trained and certified cot repair technician of four years, replaced the auxiliary lock lever on February 11, 2003, and has testified that a bent auxiliary lock lever would cause the cot to malfunction as it had on February 6, 2003. Dep. of Bonang, pp. 7-9, 16-17, 33-34 (attached as Exhibit 7).

10. Since Mr. Bonang replaced the auxiliary lock lever on February 12, 2003, the cot has performed flawlessly right up to present-day. Aff. of Chief McPherson, ¶ 8 (attached as Exhibit 10).

11. The auxiliary lock lever extends underneath the mattress and frame of the cot, and only the end handle is visible from the top view. Squadmate Users' Manual, pp. 7, 9 Figure D (attached as Exhibit 6).

12. There is no evidence regarding how and/or when the auxiliary lock lever was bent.

> Dep. of Fire Chief McPherson, p. 28 (attached as Exhibit 13); Aff. of Chief McPherson, ¶ 7 (attached as Exhibit 10).

13. Chief Neil McPherson used the cot during a call on February 5, 2003, the day before the Incident, and it performed flawlessly. Aff. of Chief McPherson, ¶ 5 (attached as Exhibit 10); Sherborn Fire & Rescue Call Log (attached as Exhibit 14).

14. The defendant denies knowing that the auxiliary lock lever was bent prior to Deputy Chief Dowse's inspection on February 7, 2003, and there is no evidence to the contrary. Aff. of Chief McPherson, ¶ 6 (attached as Exhibit 10).

15. There is no evidence to suggest that Sherborn had reason to know that the stretcher was damaged, faulty or would otherwise not perform as expected on February 6, 2003.

16. All available evidence on the issue supports that the EMTs had every reason to expect that on February 6, 2003 the cot would perform as flawlessly as it had since it was purchased in 1997.

17. The only letter received by the defendant that purported to be presentment in compliance with the Massachusetts Tort Claims Act [MTCA] was a letter from Attorney Scott Joseph, representing plaintiff Joseph H. Koran, dated April 3, 2003. Pls.' Compl. (annexed to Complaint as Exhibit A).

18. The defendant received no presentment letter from plaintiffs Kimberly Koran, Ana Koran, Joseph Koran, Jr. and Erik Koran [hereinafter collectively referred to as the "consortium plaintiffs"] or a representative thereof. Aff. of Chief McPherson, ¶ 12 (attached as Exhibit 10).

19. The plaintiff Erik Koran was born on October 20, 2004, more than 20 months after

the Incident, and was thus not yet conceived as of the date of the Incident. Pl. Erik Koran's Answers to Interrogs., # 1 (attached as Exhibit 15).

The defendant,
TOWN OF SHERBORN,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
Michael D. Leedberg, BBO #660832
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated December 19, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the co-defendant Weaver's counsel of record at his address of record via regular mail on December 19, 2006. Weaver's counsel does not appear to be a registered Pacer user.

_____
Michael D. Leedberg